UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Olga Moises et al.,

                    Plaintiffs,

-against-

Riverbank Restaurant LLC d/b/a Sofrito Restaurant,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/21/2018

1:17-cv-09943 (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is Plaintiffs motion for approval of the settlement of this wrongful death and personal injury action and for an award of costs and attorneys' fees to be paid from the settlement. Plaintiffs' claims arise from a car accident that occurred on August 27, 2017. Plaintiff Olga Moises and the decedent, Abe Prior, were passengers in a car driven by Jorge Viteri when Mr. Viteri lost control of the vehicle and collided with a median. Tragically, Mr. Prior died several hours after the accident and Ms. Moises suffered significant injuries. Prior to the accident, Mr. Viteri, Ms. Moises and Mr. Prior attended a birthday celebration for Mr. Viteri's brother at Sofrito Restaurant, which served "bottomless mimosas" as part of a price-fixed brunch. At the time of the accident, Mr. Viteri's blood alcohol level was .09, just over the legal limit. On December 20, 2017, Plaintiffs, Ms. Moises and Michael Jon Barbarula, Esq., as administrator of the decedent's estate,[1] brought this action against Sofrito Restaurant pursuant to New York's "Dram Shop" law

---

[1] Ms. Moises and Mr. Prior were partners who lived together and had two children together. The two children are the distributees of Mr. Prior's estate.

for the wrongful death of Mr. Prior and the injuries sustained by Ms. Moises. (*See* Compl., ECF No. 1.)

Pursuant to Rule 83.2(b) of the Local Civil Rules for the Southern and Eastern Districts of New York, in any action for wrongful death "the Court shall apportion the avails of the action, and shall approve the terms of the any settlement" and "[t]he Court shall approve an attorney's fee only upon application in accordance with the provisions of the New Yok State statutes and rules." Local Civil Rule 83.2(b)(1), (b)(2). New York law requires that a court approve a compromise for a wrongful death action "after inquiry into the merits of the action and the amount of damages proposed . . . as it shall determine to be adequate including approval of [attorneys'] fees and other payable expenses." N.Y. Est. Powers & Trusts Law § 5-4.6.

I. **Settlement Amount**

"The court must determine whether the proposed settlement is fair, reasonable and adequate by comparing the terms of the compromise with the likely rewards of litigation." *Ratcliffe v. Pradera Realty Co.*, No. 05-CV-10272 (JFK), 2008 WL 801498, at *1 (S.D.N.Y. Mar. 25, 2008) (citing *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir.1999) (internal quotation marks omitted)). "A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently[.]" *Id.* (internal citation omitted.)

Plaintiffs' counsel has submitted an affidavit in which he sets forth the terms of the proposed settlement. The settlement calls for Defendant to pay $250,000 to Plaintiffs, in

exchange for release and dismissal of Plaintiffs' claims.[2] Upon review of the affidavits submitted by Plaintiffs' counsel and both Plaintiffs, the Court finds that the proposed settlement is fair, reasonable and adequate. There is nothing in the record to rebut the presumption that the settlement was reached only after arm's length negotiation by competent counsel. Moreover, the settlement was entered into only after significant discovery had occurred and Plaintiffs' counsel hired a toxicology expert to review the matter. Thus, "[w]hen balanced against the uncertain prospects and added expense of continued litigation, the settlement provides a certain cash recovery to the plaintiffs that is fair, reasonable, and adequate." *Ratcliffe*, 2008 WL 801498, at *1.

## II. **Attorneys' Fees**

The terms of the settlement also call for Plaintiffs' counsel to receive a contingency fee of one third of the gross settlement amount as well as reimbursement of expenses, as provided in the applicable retainer agreement. After reimbursement of costs, Smiley & Smiley LLP will receive $83,333.33 in attorneys' fees plus $6,394.64 for reimbursement of expenses and Plaintiffs will receive $160,272.03, to be split evenly between them. The Court finds that the proposed amount of attorneys' fees of one third of the gross settlement amount is reasonable. Under 22 N.Y.C.R.R. § 603.7, which governs the conduct of attorneys in wrongful death actions, "[a] percentage not exceeding 33-1/3 percent of the sum recovered" is deemed to be a "reasonable fee [ ]." 22 N.Y.C.R.R. § 603.7(e)(2). Thus, the proposed contingency fee is in accord with applicable New

---

[2] On December 5, 2018, Judge Anthony J. DePanflis of the Court of Probate for the State of Connecticut issued a Decree authorizing Mr. Barbarula to settle and compromise the Estate's claim in the amount of $125,000, which represents the Estate's half of the proposed settlement. (*See* Barbarula Decl., ECF No. 44-2, ¶ 8; Barbarula Decl. Ex. D, ECF No. 44-6.)

York law, in compliance with Local Civil Rule 83.2. Finally, the expenses for which Plaintiffs seek reimbursement, including filing fees and deposition and expert costs, are standard litigation expenses.

For these reasons, I approve the proposed settlement and award of attorneys' fees and costs as fair, reasonable and adequate. The parties shall file a stipulation discontinuing this action by January 3, 2019.

**SO ORDERED.**

DATED:     New York, New York
               December 21, 2018

_____
STEWART D. AARON
United States Magistrate Judge